UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BASILIO PEDRO-MEJIA and
ANTONIO PEDRO-MEJIA,

      Plaintiffs,

v.                                             Case No: 2:17-cv-452-FtM-99CM

FRANCO PLASTERING INC. and
MARTIN FRANCO,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion for Clerk's Default (Doc. 12) filed on September 20, 2017 and the Unopposed Motion of Defendants Franco Plastering, Inc. and Martin Franco for Extension of Time to Respond to the Complaint (Doc. 20) filed on October 9, 2017. Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendants, Franco Plastering, Inc. and Martin Franco, but subsequently consented to an extension of time for Defendants to respond to the Complaint. For the reasons that follow, Plaintiffs' Motion for Clerk's Default (Doc. 12) is due to be **DENIED as moot**, and the Unopposed Motion of Defendants Franco Plastering, Inc. and Martin Franco for Extension of Time to Respond to the Complaint (Doc. 20) is due to be **GRANTED**.

Pursuant to Rule 55(a), the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Rule 1.07(b) of the Local Rules for the Middle District of Florida provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).

"Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, 2011 WL 4501385, *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, 2008 WL 3851588 (S.D. Fla. 2008). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.* The court also considers whether there is a meritorious defense to Plaintiff's claims, and a "mere 'hint of a suggestion' that there is a meritorious defense to the claims alleged is sufficient." *Id.* (internal citation omitted).

Here, when Defendants did not timely file a response, Plaintiffs submitted a Motion for Clerk's Default on September 20, 2017. Doc. 12. Thereafter, Martin Franco, individually and as President/registered agent for Franco Plastering, Inc., served an answer on Plaintiff on September 27, 2017. Doc. 16. According to Rule 2.03(e) of the Local Rules for the Middle District of Florida, however, a corporation may only appear and be heard through counsel admitted to practice in this Court. *See* M.D. Fla. R. 2.01, 2.02, 2.03(e). "A corporation can never appear *pro se*." *Obermaier v. Driscoll*, No. 2:00-cv-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla.

Dec. 13, 2000). Subsequently, on October 9, 2017 Defendants Martin Franco and Franco Plastering, Inc. retained counsel and filed a motion requesting additional time to respond to Plaintiff's complaint, which Plaintiff does not oppose.

Upon review of the record, the Court finds that Defendants' initial answer to the Complaint, although deficient, is sufficient to show "a mere hint of a suggestion" of a meritorious defense. *See Bateh*, 2011 WL 4501385 at *1 (internal quotations omitted). Moreover, Plaintiff has agreed to Plaintiff's extension (Doc. 20), and will not be prejudiced by the minimal delay the extension causes. As such, default is not appropriate here given the Court's policy in favor of adjudicating claims on the merits. *See Bateh*, 2011 WL 4501385 at *1. Additionally, for good cause shown and because the motion is unopposed, the Defendants' motion for extension is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Clerk's Default (Doc. 12) is **DENIED as moot**.

2. The Unopposed Motion of Defendants Franco Plastering, Inc. and Martin Franco for Extension of Time to Respond to the Complaint (Doc. 20) is **GRANTED**. Defendants Franco Plastering, Inc. and Martin Franco shall have up to and including **Friday, October 13, 2017** to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record