UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BASILIO PEDRO-MEJIA and ANTONIO
PEDRO-MEJIA,

    Plaintiffs,

v.                                                     Case No: 2:17-cv-452-FtM-99CM

FRANCO PLASTERING INC. and
MARTIN FRANCO,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants' Motion for a More Definite Statement (Doc. 22) filed on October 11, 2017. Plaintiffs filed a Response in Opposition (Doc. 27) on October 25, 2017. For the reasons set forth below, the Motion is denied.

## **BACKGROUND**

Plaintiffs Basilio Pedro-Mejia and Antonio Pedro-Mejia (collectively "Plaintiffs") initiated this action by filing a one-count Complaint (Doc. 1) against their former employers, Franco Plastering, Inc. and Martin Franco (collectively "Defendants"), alleging failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Defendants employed Plaintiffs as non-exempt carpenters/woodworkers from August 1,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2016 to January 16, 2017. (Doc. 1, ¶¶ 16-19). Throughout their employment, Defendants failed to compensate Plaintiffs at a rate of one and one-half times their normal rate of pay for the hours worked in excess of forty hours in violation of the FLSA. (*Id.*)

Defendants initially failed to timely respond to the Complaint, and Plaintiffs filed a Motion for Entry of Clerk's Default. (Doc. 12). The following day, Martin Franco filed a *pro se* Motion to Dismiss on behalf of himself and the corporate entity, Franco Plastering, Inc. (Doc. 13); accordingly, the request for the entry of clerk's default was moot. The Motion to Dismiss was ultimately withdrawn (Doc. 15), and Martin Franco filed a *pro se* Answer and Affirmative Defenses on his own behalf and on behalf of the corporate entity.[2] (Doc. 16). Thereafter, Defendants retained counsel, and Plaintiffs consented to an extension of time for Defendants to file a response to the Complaint in compliance with Local Rule 2.03(e). (Doc. 20). Defendants, via counsel, elected to file a Motion for a More Definite Statement rather than an Answer. (Doc. 22). Plaintiffs oppose the Motion, arguing the filing of an Answer and Affirmative Defenses belies Defendants' assertion that the Complaint is so vague and ambiguous that answering it is a near impossibility. Plaintiffs further argue the Complaint satisfies the pleading requirements for an FLSA overtime case. The Court agrees.

## DISCUSSION

Defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e). In support, Defendants attach a Declaration of Martin Franco, and pay stubs they argue show that Plaintiffs did not work more than forty hours in a work week. (Doc. 22-1). Specifically, Defendants state: "Plaintiffs' claim of having worked overtime without the

---

[2] This filing violates Local Rule 2.03(e), which requires that corporations be represented by counsel; therefore, it will be stricken.

proper pay during the time frame of six months without any identified week, day, or hours claimed is so vague that the defendants cannot reasonably prepare a good faith response to the complaint, especially in light of the Plaintiffs' time records[3] for this entire period, which document that no overtime was worked." (Doc. 22, p. 2).

Pursuant to Fed. R. Civ. P. 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. In *Sec'y of Labor v. Labbe*, the Eleventh Circuit noted that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." 319 F. App'x 761, 763 (11th Cir. 2008). Instead of a complex scheme, "[t]he elements that must be shown are simply a failure to pay overtime compensation . . . in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)). To state a claim for failure to pay overtime wages, a plaintiff must show that: (1) defendant employed him; (2) he or the defendant engaged in interstate commerce; and (3) defendant failed to pay him overtime wages. See *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). Therefore, where a "complaint alleges that since [a certain date], [the defendant] repeatedly violated stated provisions of the FLSA by failing . . . to compensate employees who worked in excess of forty hours a week at the appropriate rates" the requisite pleading standard is satisfied. "While these allegations are not overly detailed, [the Eleventh Circuit] find[s] that a claim for relief for failure . . . to provide

---

[3] Only pay stubs were attached to Martin Franco's Declaration, not time records. (Doc. 22-1.)

overtime compensation . . . under FLSA does not require more." *Labbe*, 319 F. App'x at 763.

A review of Plaintiffs' Complaint clearly indicates they have met the requisite factual specificity required under the Federal Rules of Civil Procedure. In the Complaint, Plaintiffs allege they were employees of Defendants; Defendants are a covered enterprise; Plaintiffs worked in excess of forty hours per week for Defendants; Defendants failed to pay Plaintiffs at one and one half their regular hourly rates for all hours worked in excess of forty hours in a work week in violation of the FLSA, and Plaintiffs were engaged in commerce. (Doc. 1 at ¶¶ 8, 11-12, 18-20, 22-23, 26-30). The Eleventh Circuit precedent of *Labbe* indicates that these allegations are sufficient. 319 F. App'x at 763; *see also* R*amos v. Aventura Limousine & Transp. Serv., Inc.*, Case No. 12-21693-CIV, 2012 WL 3834962 at *2 (S.D. Fla. Sept. 4, 2012) ("There is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages."). Indeed, Defendants were already able to formulate a response to the Complaint (Doc. 16) and produce documents in defense of Plaintiffs' claims (Doc. 22-1). The Court therefore finds Plaintiffs' allegations are not so vague and ambiguous that Defendants would be unable to respond.

Accordingly, it is now

**ORDERED:**

(1)     Defendants' Motion for a More Definite Statement (Doc. 22) is **DENIED**.

(2)     Defendants shall file an Answer on or before **November 10, 2017**.

(3)     Defendants' Answer and Affirmative Defenses (Doc. 16) is **STRICKEN**. The Clerk of Court is directed to make a notation on the docket that the filing is stricken.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of October, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record