## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

BASILIO PEDRO-MEJIA and
ANTONIO PEDRO-MEJIA,

      Plaintiff,

                                  Case No.:   2:17-cv-00452-UA-CM

vs.

FRANCO PLASTERING INC., a Florida
Profit Corporation, and MARTIN
FRANCO, Individually,

      Defendants.

_____/

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF MANDATORY CONTACT INFORMATION REQUIRED IN RULE 26 INITIAL DISCLOSURES, AND INCORPORATED MEMORANDUM OF LAW

      Pursuant to Fed. R. Civ. P. 37, Plaintiffs, BASILIO PEDRO-MEJIA and ANTONIO PEDRO-MEJIA, move this Court for an order compelling Defendants, FRANCO PLASTERING INC. and MARTIN FRANCO, to provide last known addresses of witnesses identified in their Initial Disclosures,[1] as required by Fed. R. Civ. P. 26(a), as well as the costs of this Motion. Despite the mandatory requirement to provide this information, Defendants will not provide same without a Court order directing compliance with the Rules.

---

[1] As detailed below, Defendants committed to providing telephone numbers, but not addresses. However, the telephone numbers still have not been provided as of the filing of this Motion. Plaintiffs will immediately notify the Court if the promised telephone numbers are produced, but if not produced by the date of the Court's ruling on this Motion, Plaintiffs also request that the Court order a date certain for the telephone numbers to be provided.

## INTRODUCTION

The parties agreed to exchange their Initial Disclosures as set forth in Fed. R. Civ. P. 26(a), and the parties' Case Management Report by January 12, 2018.  *See* Joint Proposed Discovery Plan and Conference Report filed on January 4, 2018 [D.E. 38].   In accordance with the parties' agreement and the rules of discovery, Plaintiffs served their Initial Disclosures on Defendants, as required.

Defendants, too, served Initial Disclosures on January 12, 2018.   However, all of the required information was not included in these initial disclosures.   Specifically, last known addresses and telephone numbers of **eighteen employee witnesses** were not provided and still have not been provided to date.[2]   Defendants are adamant that they will not provide addresses absent an order compelling same.   Defendants' failure/refusal to provide this critical mandatory information has necessitated this Motion.

## FACTUAL BACKGROUND

In the instant case, while Defendants provided initial disclosures, they failed to provide, as required, the last known addresses and telephone numbers of ***eighteen employees*** listed as supporting witnesses in their initial disclosures.  *See* Defendant's Initial Disclosures, attached hereto as Exhibit A.   No information is provided as to whether these are current or former employees.  *Id.*   Instead, Defendants provided the Corporate Defendant's address and telephone number for these witnesses.  *Id.*   Plaintiffs' counsel contacted Defendants' attorney to secure the last known addresses and telephone numbers for any listed employees who are not current

---

[2] Defendants indicated that they would provide telephone numbers and that they "hoped" to do so last Wednesday. One week later, the telephone numbers still have not been produced.

management level employees, consistent with the mandates of Rule 26(a).  *See* Correspondence between A. Murthy, Esq. and S. Grogoza, Esq., dated January 17, 2018, attached hereto as Exhibit B, at p. 8.  Defendants' counsel did not assert any privilege or other legal reasoning for the failure to produce the information, and rather responded that he would accept service of subpoenas for those individuals, because "[t]he witnesses do not want to provide your clients with their addresses or phone numbers."  *Id.* at p. 7.  After receiving undersigned counsel's response that the witnesses can refuse to speak with Plaintiffs' counsel if contacted, but the information must be provided, Defense counsel responded by raising uncharged allegations of property damage and other non-violent crimes in which Defendants allege that Plaintiffs engaged, stating "I am happy to make the defendants' witnesses available to you upon notice. It is my understanding that the defendants' witnesses do not wish to talk to you or an investigator unless legal counsel is with them and they do not want me to provide you their personal information."  *Id.* at pp.  6-7.

Undersigned counsel provided citation to relevant court opinions, as well as Florida Bar Ethics Opinions, which make clear that communications with such employees (current and former) is permissible with or without notice to opposing counsel.  *See id.* at pp. 4-5. Also included was citation to the mandatory language of Rule 26, itself, requiring provision of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information."  *Id.*  Further, despite the lack of evidence for any of the criminal allegations, and the fact that no allegations described any physical violence to any person, Plaintiffs' counsel assured Defendants' counsel that she, and not Plaintiffs, would be contacting the witnesses.  *See id*. at p. 4.  We also noted that "[p]articularly in these cases, where employees can be easily intimidated, it is critical that we be able to contact

the employees to determine if they are willing to speak with us without need for formal proceedings, and without fear of reprisal from their employer or in the industry." *Id.* at p. 5.

Defendants raised no response to this clear authority, nor cited any authority to the contrary. Instead, rather than providing the mandatory information, Defendants' attorney responded, again without any evidence,[3] that he would "contact each witness and advise you their response. The problem is that your clients are known to be involved in criminal activities, even though you may not believe it." *Id.* at p. 4. Again reminded that undersigned counsel has the right to contact the witnesses regardless of their alleged statements to defense counsel, Defendants' attorney stated: "I will contact them and if they insist, I will let you know and you can file your motion. how about if they agree to their phone numbers and not their addresses? there is concern of retaliation by your clients - even though you may disagree with that." *Id.* at p. 3.

Undersigned counsel remained firm that the mandates of Rule 26 are not open for negotiation, and again requested the information, stating that if it were provided by Friday, no motion practice would be necessary. *See id.* at pp. 1-2. Defendants' counsel responded that "I will provide their phone numbers, but not their addresses due to fear of retaliation. File your motion and I will respond. Or you can put in your motion that I am opposing because of the witnesses' fear of retaliation due to your clients' prior criminal conduct and their potential for

---

[3] Plaintiffs mention the lack of evidence only to highlight the egregiousness of Defendants' refusal. Even if there were some evidence that Plaintiffs were violent criminals, which there is not, there is no authority for the proposition that any charges, arrests, or convictions would deprive them of their counsel's right to obtain witness contact information.

violence known to the witnesses." *Id.* at p. 1.   Thus, Plaintiffs have been required to file this Motion to secure basic information to which they are entitled under Rule 26.

**MEMORANDUM OF LAW**

**I.      Congressional and Judicial Mandates Require Defendants to Provide Complete Contact Information For The Witnesses Identified In Rule 26 Disclosures.**

Several years ago, Congress amended Fed. R. Civ. P. 26 in an effort to restore national uniformity to the discovery practice.   *See* Fed. R. Civ. P. 26 Advisory Committee Notes 2000 Amendment.   One specific act of Congress was to remove the authority of the federal courts to alter or opt out of the disclosure requirements of Fed. R. Civ. P. 26(a) and require all parties to exchange initial disclosures at the outset of a case.   *See id.*   The requirements of Rule 26 are neither optional nor negotiable.   *Altheim v. GEICO Gen. Ins. Co.,* No. 8:10-CV-156-T-24TBM, 2010 WL 11508155, at *1 (M.D. Fla. May 17, 2010) ("The requirements of Rule 26(a) are mandatory").

Fed. R. Civ. P. 26(a) requires that "a party must, without awaiting a discovery request, provide to other parties" certain categories of information, including, as relevant to this Motion: "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information."   *Id.   See Nguyen v. Biondo,* No. 11-81156-CIV, 2012 WL 12862657, at *1 (S.D. Fla. Apr. 24, 2012) (granting motion to compel initial disclosures compliant with the mandates of Rule 26(a) after the defendants failed to provide phone numbers or addresses of witnesses).   In fact, the party must make these disclosures "at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate and states the objection in the Rule 26(f) discovery plan."   *Id.* Defendants made no objection to providing the required address and telephone number

information when preparing the discovery plan in this matter.  *See* D.E. 38, proposed CMR submitted jointly by counsel in this matter.   Based on this, alone, it is black-letter law that Defendants must provide this information, and there is no excuse for the failure to provide same.

In addition, even if Defendants had timely raised an issue in the CMR, there is no authority for exempting a party from this basic requirement.  Plaintiffs' counsel is not obligated to contact current non-managerial employees or any former employees in the presence of Defendants or opposing counsel, or to give notice of contact with those individuals, unless they are current managerial employees, or are represented by counsel. *See* Florida Bar Ethics Opinion 78-4 (August 24, 2011) ("A corporate party's officers, directors and managing agents are 'parties' for purposes of communications, but other employees of the corporation are not unless they have been directly involved in the incident or matter giving rise to the investigation or litigation."); Florida Bar Ethics Opinion 88-14 (March 7, 1989) ("A plaintiff's attorney may communicate with former managers and former employees of a defendant corporation without seeking and obtaining consent of corporation's attorney.")   This information is also routinely produced in discovery, because FLSA plaintiffs are entitled to contact information for their former co-workers. *Walker v. Americare Radiographics, Inc.*, No. 10-60340-CIV-MOORE, 2010 WL 5437254, at *3 (S.D. Fla. Dec. 27, 2010)("It is axiomatic that a FLSA plaintiff is entitled to the names of and contact information for her former co-workers."); *David Clifton v. D&M Produce, Inc. and Roger D. Pruette*, U.S. District Court, Middle District of Florida, Fort Myers Division, Case No. 2:13-cv-00775-SPC-DNJ at D.E. 29 (M.D. Fla. September 17, 2014) (CHAPPELL, J.) (granting motion to compel production of contact information for co-workers

where defendants alleged that improper use would be made of same)[4]; *Pietri v. Rivera*, 2014 WL 4626547 at *2-3 (M.D. Fla. Sept. 15, 2014) (in FLSA matter, granting the plaintiff's motion to compel employee information "by name, title, address and telephone numbers").

Moreover, although Defendants have not raised any claim of privilege with respect to this information, and there is no indication that any of these individuals is represented by counsel, it is clear that such a claim would not affect the obligation to produce the information. *See Altheim v. GEICO Gen. Ins. Co.,* 2010 WL 11508155, at *1 (rejecting the defendant's apparent argument that "it is excused from the requirements of Rule 26(a) because of its concern that Plaintiffs' counsel will contact the individual employees directly once their addresses are disclosed. Courts in this Circuit have held that a [c]oncern that witnesses will be contacted directly will not justify assertion of the attorney-client privilege to protect the addresses and phone numbers of witnesses, as the Court assumes that attorneys will abide by the ethical rules.")(internal quotations and citation omitted).

As such, there is no justification for Defendants' willful refusal to comply with Rule 26(a)'s clear mandates, and Plaintiffs respectfully submit that production of the addresses should be compelled.  Plaintiff also notes that Defendants indicated that they would produce telephone numbers, and last Wednesday expressed a "hope" that this information would be provided last week.  However, none has yet been provided, one week later, despite the fact that this information is readily available to Defendants.  To the extent that this information is not

---

[4] The defendants' motion for relief from this order was denied.  *Clifton v. D&M Produce, Inc.*, No. 213CV775FTM38DNF, 2014 WL 12618111, at *1 (M.D. Fla. Oct. 28, 2014).

provided by the date of the Court's ruling, Plaintiffs also request an order that the promised telephone numbers be provided by a date certain. Plaintiffs will inform the Court in the interim if the telephone numbers are received, but make the request in this Motion in an effort to conserve judicial resources and avoid the need for multiple motions in the event that the information is not produced.

## II.    <u>Defendants' Willful Non-Compliance Warrants Sanctions.</u>

In addition to an order compelling Defendants to provide their Initial Disclosures, Plaintiffs seek their reasonable expenses, including attorneys' fees, associated with having to file this Motion. Indeed, monetary sanctions are appropriate when a party, such as Defendants, willfully disregard their discovery obligations. *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 129 (S.D. Fla. 1987) ("Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." (quoting *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)); *see also Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993) (sanctions under Rule 37 are intended to compensate the court and other parties for the added expense caused by discovery abuse, compel discovery, deter others from engaging in similar conduct, and penalize the offending party or attorney).

Specifically, Fed. R. Civ. P. 37(a) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Additionally, Fed. R. Civ. P. 37(c) expressly authorizes this Court to impose sanctions such as "payment of reasonable expenses, including attorney's fees, caused by the failure" of a party to "disclose information required by Rule 26(a)." Defendants have violated, what is in essence, a congressional and judicial fiat that parties provide available address and

telephone information for the purpose of facilitating the discovery process.  Defendants have not only ignored the discovery rules as if compliance were optional, but have further willfully refused to act in accordance with the discovery rules when Plaintiffs brought this non-compliance to their attention.   Defendants have no excuse for failing to adhere to their obligations before this Court.

Accordingly, Defendants' willful disregard of the rules of civil procedure, after being warned of same and asked to comply, justifies Plaintiffs' recovery of their reasonable attorneys' fees and costs associated with this Motion.  *See Spain v. Board of Educ. of Meridian Unit Sch. Dist., Number 101*, 214 F.3d 925, 932 (7th Cir. 2000) (noting that the district court previously awarded fees and costs for the plaintiff's failure to file initial disclosures); *see also Heil-Winger v. St. Luke's Shawnee Mission Med Ctr.*, 1997 WL 634342, *2 (D. Kan. Oct. 10, 1997) (awarding costs and expenses for time spent preparing and filing a motion to compel the plaintiff to supplement initial disclosures, which were required after the plaintiff filed an amended complaint, as the monetary award "appear[ed] sufficient to deter similar conduct in the future"); *cf. Collins v. Burg*, 169 F.3d 563, 565 (8th Cir. 1999) (affirming award of attorneys' fees following the plaintiff's failure to respond to interrogatories and requests for production); *Adams v. Autozoners, Inc.*, 2000 WL 235240, *2 (E.D. La. Feb 29, 2000) (noting that the court previously awarded attorneys' fees under Fed. R. Civ. P. 37 for the plaintiff's failure to respond to discovery); *EEOC v. Personnel Servs. of Fort Myers, Inc.*, 1989 WL 162784, *1 (M.D. Fla. May 12, 1989) (finding that an award of costs, including a reasonable attorney's fee, was appropriate in light of the defendant's total failure to respond in any manner to the plaintiff's discovery requests).

## CERTIFICATE OF GOOD FAITH

Plaintiffs' counsel conferred in detail with Defendants' counsel pursuant to the Local Rules in an effort to resolve the issues raised in this Motion prior to this filing.  While this conferral resulted in an agreement to produce telephone numbers, Defendants remained adamant that addresses would not be provided absent an order from the Court compelling same.  As such, the Parties were not able to resolve the matters contained in this Motion and same should be considered opposed.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court enter an order compelling Defendants to provide the addresses required under Rule 26(a).  In addition, to the extent the promised telephone numbers are not produced by the date of the Court's Order on this Motion, Plaintiffs request the entry of a date certain to provide the promised telephone numbers of witnesses listed in Defendants' initial disclosures.  Plaintiffs will file a notice immediately to inform the Court upon being provided with the telephone numbers, and make this request in the name of efficiency, to avoid the need for a second motion should the information not be produced.  Further, in light of Defendants' disregard for the rules of discovery, Plaintiffs respectfully request that this Court order the appropriate parties to pay Plaintiffs' reasonable attorneys' fees associated with bringing this Motion, and any and all sanctions which the Court may deem proper and just.  Undersigned counsel avers that she has spent 2.3 hours in conferring upon and preparing this Motion.  While Plaintiff's counsel bills at a rate of $425 per hour, and in order to avoid motion practice with respect to the rate, she seeks a rate of $350 per hour with respect to this Motion, a rate this Court previously has awarded to the undersigned.

Respectfully submitted this 24th day of January, 2018.

**/s/ANGELI MURTHY**
ANGELI MURTHY, ESQ.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-Mail: **Amurthy@forthepeople.com**
*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send notification of such filing to all counsel of record.

**/s/ ANGELI MURTHY**
ANGELI MURTHY, ESQ.