UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BASILIO PEDRO-MEJIA and
ANTONIO PEDRO-MEJIA,

      Plaintiffs,

v.                                      Case No: 2:17-cv-452-FtM-99CM

FRANCO PLASTERING INC. and
MARTIN FRANCO,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion to Strike Defendants' Affirmative Defenses to Plaintiffs' Complaint (Doc. 37) filed on December 29, 2017 and Plaintiffs' Motion to Compel Production of Mandatory Contact Information Required in Rule 26 Initial Disclosures (Doc. 43) filed on January 24, 2018. Plaintiffs seek to strike Defendants' two affirmative defenses because they are insufficient as a matter of law or are conclusory and do not provide sufficient notice. Doc. 37. Defendants have not responded to this motion, creating a presumption that it is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). Plaintiffs further seek Defendants to produce last known addresses of witnesses identified in their initial disclosures. Doc. 43. Defendants oppose the requested relief. Doc. 44.

On August 7, 2017, Plaintiff filed a Complaint and Demand for Jury Trial against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Doc. 1. Defendants filed an Answer and Defenses and Demand for Jury Trial on November 2, 2017 and an Amended Answer and Defenses and Demand for Jury Trial on December 8, 2017. Docs. 29, 35. In the Amended Answer, Defendants assert four affirmative defenses, including:

> **FIRST AFFIRMATIVE DEFENSE**
> The plaintiffs' cause of action is retaliatory due the defendant corporation terminating the plaintiffs' employment due to the plaintiffs stealing the defendant corporation's equipment and due to the plaintiffs providing counterfeit social security cards, false social security numbers, and counterfeit driver licenses.
>
> **THIRD AFFIRMATIVE DEFENSE**
> Plaintiffs have not and cannot satisfy the prerequisites to maintain this lawsuit pursuant to 29 U.S.C. § 216(b).

Doc. 35 at 3. Plaintiffs seek to strike these two affirmative defenses because they are not valid defenses under the FLSA and do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Doc. 37 at 2-6.

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although courts generally disfavor motions to strike, "[d]istrict courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681,

683 (M.D. Fla. 2002) (internal citations omitted); *Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009). An affirmative defense will be stricken only if it is insufficient as a matter of law. *Microsoft*, 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law "only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* The Eleventh Circuit has noted that "[t]he party asserting an affirmative defense usually has the burden of proving it." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). In evaluating a motion to strike affirmative defenses, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Microsoft*, 211 F.R.D. at 683.

Affirmative defenses also are subject to the general pleading requirements of Rule 8(b)(1)(A), which requires a party to "state in short and plain terms its defenses to each claim asserted against it." "As with any pleading, an affirmative defense must provide 'fair notice' of the nature of the defense and the grounds upon which it rests, and state a plausible defense." *Biller v. Cafe Luna of Naples, Inc.*, No. 2:14-CV-659-FTM, 2015 WL 1648888, at *1 (M.D. Fla. Apr. 13, 2015) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Nevertheless, "a defendant must do more than make conclusory allegations. If the affirmative defense comprises of no more than bare bones conclusory allegations, it must be stricken." *Microsoft*, 211 F.R.D. at 683.

The Court finds the first and third affirmative defenses should be stricken. As their first affirmative defense, Defendants assert Plaintiffs have a retaliatory

motive behind filing this lawsuit because Defendants lawfully terminated them for stealing Defendants' equipment and providing falsified identifications. Doc. 35 at 3. Regardless of Plaintiffs' motive, FLSA rights are statutory and "cannot be abridged by contract or otherwise waived." *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citation omitted); Doc. 35 at 3. Thus, it is questionable whether this defense warrants judgment in favor of Defendants if Plaintiffs prove their case by a preponderance of evidence. *See Wright*, 187 F.3d at 1303.

Alternatively, assuming Defendants are asserting the defense of unclean hands, this affirmative defense does not meet the pleading requirements of Rule 8. The defense of unclean hands prevents Plaintiffs from profiting from their misconduct and requires Defendants to show that "[Plaintiffs'] wrongdoing is directly related to [their] claim and that Defendant[s were] personally injured by [Plaintiffs'] conduct." *McGlothan v. Walmart Stores, Inc.*, No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *3 (M.D. Fla. June 14, 2006); *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-CV-00361-JDW-MAP, 2008 WL 2783148, at *4 (M.D. Fla. July 17, 2008). The first affirmative defense is conclusory and does not allege the elements of the unclean hands defense. Doc. 35 at 3; *see McGlothan*, 2006 WL 1679592, at *3; *Wlodynski*, 2008 WL 2783148, at *4. Because the first affirmative defense either is insufficient as a matter of law or is conclusory and does not provide sufficient notice of what legal theory it is asserting, the Court will strike this without prejudice and direct Defendants to amend it.

Similarly, the third affirmative defense that Plaintiffs have not satisfied the prerequisites to maintain this lawsuit pursuant to 29 U.S.C. § 216(b) is conclusory. Doc. 35 at 3. It does not clarify what "prerequisites" Plaintiffs have not met and need to meet and the grounds upon which this affirmative defense rests. *See id.*; *Biller*, 2015 WL 1648888, at *1. Thus, the Court will strike this without prejudice and direct Defendants to amend it.

Next, Plaintiffs move to compel Defendants to produce last known addresses of the witnesses identified in their Rule 26 initial disclosures. Doc. 43 at 1. Plaintiffs also seek costs associated with this motion. *Id.* Defendants respond they offered the witnesses' telephone numbers without addresses, and Plaintiffs' counsel accepted this offer. Doc. 44 at 2. Subsequently, Plaintiffs provided a notice that Defendants provided the telephone numbers, but still have not provided the requested addresses. Doc. 45.

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to provide initial disclosures, except in specifically exempted civil cases. Fed. R. Civ. P. 26(a)(1). The parties must, without awaiting a discovery request, provide to the other parties, among other things:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A). The initial disclosures must be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or

Court order." Fed. R. Civ. P. 26(a)(1)(D). "The goal of the initial disclosure requirement is to accelerate the exchange of basic information about the case." *King v. City of Waycross, Georgia*, No. CV 5:14-cv-32, 2015 WL 5468646, at *2 (S.D. Ga. Sept. 17, 2015) (citation omitted). If a party fails to provide initial disclosures, any other party may move to compel the disclosures and for appropriate sanctions. Fed. R. Civ. P. 37(3)(a). Here, Defendants do not argue they do not know the addresses of the individuals identified in their Rule 26 initial disclosures. Doc. 44. Thus, as required in Rule 26(a)(1), the Court will compel Defendants to produce the addresses of the individuals identified in their Rule 26 initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). The Court will not sanction Defendants by awarding attorney's fees and costs at this time because Defendants voluntarily surrendered the telephone numbers of the witnesses.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Strike Defendants' Affirmative Defenses to Plaintiffs' Complaint (Doc. 37) is **GRANTED, without prejudice, with leave to amend**. Defendants shall have up to and including **March 9, 2018** to amend the first and third affirmative defenses in compliance with this Order.

2. Plaintiffs' Motion to Compel Production of Mandatory Contact Information Required in Rule 26 Initial Disclosures (Doc. 43) is **GRANTED**. Defendants shall have up to and including **March 9, 2018** to provide the last known addresses of the individuals identified in their Rule 26 initial disclosures.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record